, Bailey *v.* Drane.

(*Nashville.*    January 11, 1896.)

1. Inheritance Tax.    *Brothers.*

An estate acquired by will or inheritance from a brother or sister is not subject to inheritance tax.    Chapter 174, Acts 1893, which taxed such estates, was repealed, by implication, by Chapter 89, Acts 1893, passed at a later hour of same day, which contains an express provision exempting such estates from taxation. (*Post, pp. 17–19.*)

Acts construed: Acts 1893, Chs. 89, 174.

Case cited and approved: State *v.* Alston, 94 Tenn., 674.

2. Same.    *Estates in remainder.*

A vested remainder for life, and a contingent remainder absolute in personal property, given to persons not within the excepted class, are subject to the collateral inheritance tax, under Acts 1893, Chapter 89, Section 7, and Chapter 174, Section 1, providing that all property in possession or expectancy, and all estates—real, personal, and mixed—of every kind whatsoever, which shall pass to persons other than those enumerated in the statute, shall be subject to such tax.    And it is not material that such remainders are limited after a life estate given to a person belonging to the exempt class.    (*Post, pp. 20–23.*)

Acts construed: Acts 1893, Chs. 89, 174.

3. Same.    *Same.    When due.*

The collateral inheritance tax upon a vested remainder for life, or on a contingent remainder absolute in personal property, is not payable under Section 3, Chapter 174, Acts 1893, except at the option of the remaindermen, until the termination of the precedent estate; and Section 6 of said Act, providing that if the legacy subject to the inheritance tax be given to any person for life, or any other limited period, upon a condition or contingency, if the same be money, the tax shall be retained upon the whole amount, and, if not money, application shall be

Bailey *v.* Drane.

made for the apportionment of the sum to be paid by such legatees, does not apply to either legacy.  (*Post, pp. 20–23.*)

Acts construed: Acts 1893, Chs. 89, 174.

4. STATUTES.  *Repeal by implication.*

A statute repeals by implication the repugnant provisions of another statute passed on the same day, but at an earlier hour. (*Post, pp. 23, 24.*)

Cases cited and approved: Ins. Co. *v.* Tax. Dist., 4 Lea, 644; Maney *v.* State, 6 Lea, 221; Knoxville *v.* Lewis, 12 Lea, 181; Ballentine *v.* Pulaski, 15 Lea, 633; The Druggists Cases, 85 Tenn., 450; Poe *v.* State, 85 Tenn., 495; Terrell *v.* State, 86 Tenn., 523; Hunter *v.* Memphis, 93 Tenn., 571; State *v.* Yardley, 95 Tenn., 546; Shelton *v.* State, *post, p.* —.

---

FROM MONTGOMERY.

---

Appeal in error from Circuit Court of Montgomery County.  A. H. MUNFORD,  J.

R. H. BURNEY and Attorney-general PICKLE for Plaintiff.

LEECH & SAVAGE for Defendants.

CALDWELL, J.   The bill in this case was filed in the County Court of Montgomery County by C. D. Bailey, Clerk of ' that Court, for the use of the State, to recover from H. T. and Wesley Drane, executors of Walter H. Drane, certain collateral inheritance taxes, alleged to be due under an appraisement and a report, made by virtue of and in accordance with Section 12, Chapter 174, of the Acts

2—12 P

of 1893. From that Court the case went into the Circuit Court, whence it came to this Court by appeal on two questions.

1. By his last will and testament Walter H. Drane, a citizen of Montgomery County, Tennessee, from his large estate situated therein, gave to his brother, H. T. Drane, a legacy of $12,000, and to his brother, Edward Drane, a legacy of $8,000, the latter for life only.

Complainant alleged in his bill that both of these legacies were subject to a collateral inheritance tax; the Circuit Judge held that they were not, and from that ruling the complainant appealed.

The first section of Chapter 174 of the Acts of 1893 provides that all estates of every kind whatsoever, worth $250 or more, situated in this State and passing by inheritance, or by will or other testamentary disposition, from the owner thereof to any person or persons, "other than to or for the use of the father, mother, husband, wife, children, and lineal descendants born in lawful wedlock of" such owner, shall be subject to a duty or tax of five dollars on every hundred dollars of the clear value thereof, to be paid to the use of the State. Tried by this enactment (against which no constitutional objection can be urged, successfully. *State* v. *Alston*, 94 Tenn., 674), the legacies in question would, undoubtedly, be subject to the tax provided thereby. The provision is plain. By it a tax is laid upon all estates passing in any of the modes

designated, with certain enumerated exceptions. All estates so passing, except those expressly excluded, are made subject to the tax. Those passing to brothers of the decedent are not excluded, hence they are included. That inclusion, however, did not survive long enough to reach this case.

The seventh section of Chapter 89 of the Acts of 1893, shown by the Journals of the House and Senate to have been approved, and to have taken effect at a later hour of the same day (April 10, 1893), expressly excepts estates so received by brothers and sisters of a decedent from liability for such a tax. It places brothers and sisters on the same plane with father and mother, husband and wife, and other enumerated persons who are excepted and excluded from the class whose interests alone are made taxable. This provision, being subsequent in point of time, is prevailing law, and absolutely controlling in this case.

The two Acts are repugnant and irreconcilably conflicting upon this particular point, and, being so, the latter one repeals the former, by implication, to the extent of that repugnance and conflict. *Insurance Co.* v. *Taxing District,* 4 Lea, 644; *Maney* v. *State,* 6 Lea, 221; *Knoxville* v. *Lewis,* 12 Lea, 181; *Ballentine* v. *Pulaski,* 15 Lea, 633; *The Druggists Cases,* 85 Tenn., 450; *Poe* v. *State, Ib.,* 495; *Terrell* v. *State,* 86 Tenn., 523; *Hunter* v. *Memphis,* 93 Tenn., 571; *Shelton* v. *State, post,* p. —; *State* v. *Yardley,* 95 Tenn., 546.

It is of no consequence, in legal contemplation, that the two enactments were made at the same session of the Legislature, and on the same day. The repugnance and conflict are no less on that account, but are the same that they would have been if the two Acts had been passed and approved at different sessions far apart. The reason and necessity for the rule recognizing repeals by implication is the same in one case as in the other. The two provisions referred to cannot coexist—they cannot stand together. This being so, the later one must prevail, and, judged thereby, the legacies of H. T. Drane and Edward Drane are not subject to the tax.

2. The seventh item of the will is as follows: "I give to the Fidelity Trust & Safety Vault Company, of Louisville, Ky., the sum of eight thousand dollars, to be held in trust for the benefit of Edward Drane, the income on same to be paid to his order annually or semiannually so long as he may live; but, in event of his death, shall continue for the benefit of his son, Hugh Drane, and the income to be paid to his order; but, in the event of his death, the said fund shall go to and vest in my nieces and nephews then living, in equal shares."

Thereby the testator gave to his brother, Edward Drane, a present estate for life; to his nephew, Hugh Drane, a vested remainder for life, and to such of his nephews and nieces as should survive Hugh Drane a contingent remainder absolute.

We have already seen that the interest of Edward

Drane, the first life estate, is not subject to the collateral inheritance tax, because he is a brother of the testator, and, as such, not within the operation of the law. The inquiry yet to be made is as to the liability of the other interests. The Court below, without referring to the contingent remainder, held "the remainder interest of Hugh Drane," at its present value, subject to the tax claimed, and required the executors to pay the same ($132.30) before turning the $8,000 over to the Fidelity Trust & Safety Vault Company, as directed by the will. The executors appealed from that ruling, and here insist (1) that the interest of Hugh Drane is not subject to the tax at all, and (2) that, if liable, the tax is not payable until that interest shall come into present enjoyment—until the falling in of the prior estate of his father.

In view of the very general and comprehensive language employed by the Legislature, we find no difficulty in holding that both the interest of Hugh Drane, the remainderman for life, and that of those taking the whole estate in remainder after him, are subject to the collateral inheritance tax. Vested remainders for life and contingent remainders absolute are undoubtedly embraced in the words, "all property . . . in possession or expectancy" (Acts 1893, Ch. 89, Sec. 7), and "all estates, real, personal, and mixed, of every kind whatsoever" (Acts 1893, Ch. 174, Sec. 1); and nephews and nieces are included in that general class of collateral kin-.

dred whose "property," or "estates," received in any of the modes named, are declared by both statutes to be liable for the tax. The fact that the prior estate may be exempt from the tax, because given to a brother, or some other person of the excepted class, does not relieve from liability the remainderman, who may be a nephew or some other person of the taxable class. Each recipient must stand upon his own relationship to the person from whom the property comes, without reference to the liability or nonliability of the person taking the property before or after him.

The time when the tax on such interests in remainder becomes payable is not so easily ascertained. The third section of Chapter 174, Acts of 1893, declares "that in all cases where there shall be a demise, bequest, or descent of an estate, real or personal, to collateral relatives or strangers liable to the collateral inheritance and succession tax, to take effect in possession or to come into actual enjoyment after the expiration of one or more life estates, or a period of years, the tax on such estate shall not be payable, nor interest begin to run thereon, until the person or persons liable for the same shall come into actual possession of such estate by the termination of the estates for life or years; and the tax shall be assessed upon the value of the estate at the ' time the right of possession accrues to the owner as aforesaid; provided, that the owner shall have the right to pay the tax at any time prior to his

coming into possession, and, in such cases, the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life estate or estates for years,'' etc.

Looking to this provision alone, it would seem to be entirely clear that the tax on the remainder interest of Hugh Drane will not mature until the death of his father, the first life tenant, and that the tax on the interests of the next remaindermen will not mature until the death of Hugh Drane, the second life tenant, unless they, respectively, should elect voluntarily to pay sooner, as they have not done.

The sixth section of the same Act is as follows: ''That, if the legacy subject to the collateral inheritance tax be given to any person for life or for a term of years, or for any other limited period, upon a condition or contingency, if the same be money, the tax thereon shall be retained upon the whole amount; but, if not money, application shall be made to the County Court having jurisdiction of the accounts of the executors or administrators to make apportionment, if the case requires it, of the sum to be paid by such legatees, and for such further order relative thereto as equity shall require,'' etc.

This section is not applicable to any part of the present case. It relates alone to legacies having each of two peculiarities—one as to the duration and the other as to the nature of the estate; to

legacies which are for life, for years, or for some other limited period of time, and which are also dependent "upon a condition or contingency." Legacies wanting in either of those characteristics are not included.

The interest of Hugh Drane, though but a life estate, is not included, because it is a vested remainder, and not dependent upon any condition or contingency; the interests of the subsequent beneficiaries, though contingent remainders, are not included, because they are not estates for life, for years, or for any other limited period of time.

The third, and not the sixth, section is controlling in this case, and by it, as already seen, the tax becomes payable on the first remainder at the death of Edward Drane, the first life tenant, and on the next remainders at the death of Hugh Drane, the second life tenant.

Reverse as to the interest of Hugh Drane, and dismiss the bill as to that interest, and as to the interests of the other remaindermen. Affirm as to H. T. and Edward Drane.