STATE *ex rel.* THOMASON, Comptroller, *v.* SHEPHERD's ESTATE.

*(Jackson,* April Term, 1919.)

TAXATION. Collateral inheritance tax. Shares of brothers and sisters. Statutes.

Although Acts 1893, chapter 174, section 1, providing for collateral inheritance tax, was not enforceable for a time against property passing to an intestate's brother or sister in view of the revenue law, Acts 1893, chapter 89, section 7, passed subsequently, which was held to repeal it by implication to the extent of its repugnance and the subsequent revenue acts, Acts 1895 (2d Sess.) chapter 4, Acts 1897, chapter 2, Acts 1899, chapter 432, section 1, Acts 1901, chapter 128, Acts 1903, chapter 257, Acts 1907, chapter 541, Acts 1909, chapter 479, Acts 1915, chapter 101, and Acts 1917, chapter 70, amending Acts 1915, chapter 101, and the language, "and acts amendatory thereof," in Acts 1901, chapter 128, which refers to live amendatory acts only, does not have the effect of reinstating Acts 1893, chapter 89, section 7, and shares of brothers and sisters are now subject to collateral inheritance tax.

Acts cited and construed: Acts 1893, ch. 89, sec. 7, ch. 174, sec. 1; Acts 1895, ch. 4; Acts 1897, ch. 2; Acts 1899, ch. 432, sec. 1; Acts 1901, ch. 128; Acts 1903, ch. 257; Acts 1907, ch. 541; Acts 1909, ch. 479; Acts 1915, ch. 101; Acts 1917, ch. 70.

Cases cited and approved: Bailey v. Drane, 96 Tenn., 16; Zickler v. Union Bank & Trust Co., 104 Tenn., 277; Tate et al. v. Greenlee, 141 Tenn.,——.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.— HON. J. P. YOUNG, Judge.

T. B. CALDWELL and GILMER P. SMITH, for appellant.

BARTON & BARTON and W. H. BORSJE, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

The question involved in this case is whether, during the year 1915, property passing by intestacy or devise to brothers and sisters in estates of the value of $250 or more was subject to the payment of a collateral inheritance tax under the laws of this state.

Robert H. Shepherd died intestate on or about May 7, 1915, a citizen of Shelby county, Tenn., an unmarried man without issue. His only heir and distributee was Mary A. Sneed, his sister. The defendant, John S. Webb, was duly appointed and qualified as administrator of his estate. The estate consists of property valued at $23,278. The present action was brought in the county court of Shelby county, Tenn., by the state upon the relation of John B. Thompson, its comptroller, seeking to collect a collateral inheritance tax alleged to be due under chapter 174, Acts 1893. The bill was filed on January 10, 1917.

At the July term of said county court, 1917, Mary A. Sneed, the sole heir and distributee of the said Robert H. Shepherd, deceased, was made a party defendant to said bill by leave of the court. Thereafter said defendants filed a demurrer to the bill, setting up the defense that the bill presented no ground for the collection of said tax, it appearing from its allegations that Mary A. Sneed, the sole heir and distributee of Robert H. Shepherd, deceased, was his sister; and, therefore, under the laws of this state, the property

descending to her from her deceased brother is not liable for a collateral inheritance tax.

The county judge overruled this demurrer, and a decree was entered at the May term of the court, 1918, in favor of the complainant for a collateral inheritance tax of 5 per cent. of the clear value of said estate, and from this decree the defendants prayed, were granted, and perfected their appeal to the circuit court of the county.

Upon the hearing in the circuit court a decree was rendered, reversing the decree of the county court and sustaining the demurrer of the defendants, and the complainant's bill was dismissed with costs. From this decree an appeal was prayed, granted, and perfected to this court, and the action of the circuit judge in dismissing the bill is assigned for error.

By section 1, chapter 174, Acts 1893, it is provided that all estates—real, personal and mixed—of every kind whatsoever, situated within this state, whether the person or persons dying seized thereof be domiciled within or out of the state, passing from any person who may die seized or possessed of such estates either by will or under the intestate laws of this state, or any part of such estate or estates, or interest therein, transferred by deed, grant, bargain, gift, or sale, made in contemplation of death, or intended to take effect in possession or enjoyment after the death of the grantor or bargainor to any person or persons or to bodies corporate or politic, in trust or otherwise, other than to or for the use of the father, mother, husband, wife, children, and lineal descendants born in lawful wedlock of the person dying seized and possessed

thereof, shall be, and are made subject to a duty or tax of $5 on every $100 of the clear value of such estate or estates so passing, and at the same rate for any less amount to be paid to the use of the State; and all owners of such estates and all executors and administrators and their sureties shall only be discharged from liability for the amount of such taxes or duties the settlement of which they may be charged with, by having paid the same over for the use of the State as thereinafter directed; but no estate which may be valued at a less sum than $250 shall be subject to said duty or tax. Said section further provides that the term "children" shall not be construed to apply to adopted children.

On the same day, but at a later hour in the day, the legislature passed a general revenue law for the State, imposing privilege taxes, being chapter 89 of the acts of that session; and in section 7 of that act a collateral inheritance tax was imposed, but this section expressly excepted from the tax imposed estates passing to brothers and sisters by devise or intestacy. Such estates were not, however, excepted by the provisions of chapter 174, Acts 1893, which is the general collateral inheritance tax law in force in this State.

This court held in the case of *Bailey* v. *Drane,* 96 Tenn., 16, 33 S. W., 573, that in this respect the two acts of the legislature of 1893 were inconsistent, and that the general revenue law having been passed at a later hour in the day than the general collateral inheritance tax statute, the exception in the general revenue act should prevail; and that therefore construing the two acts together, the collateral inheritance

tax could not be imposed upon estates passing to brothers and sisters. In that case the court said:

"The two acts are repugnant and irreconcilably conflicting upon this particular point, and, being so, the latter one repeals the former, by implication, to the extent of that repugnance and conflict."

The next general revenue act passed by the legislature was in 1895. Acts 1895 (2d Sess.) chapter 4. In that act no mention was made of a collateral inheritance tax. The same is true of the general revenue act passed by the legislature in 1897. Acts 1897, chapter 2. The general revenue act passed in 1899 (Acts 1899, chapter 432), in section 1, declares "that there shall be levied and collected a collateral inheritance tax as provided for in chapter 174 of the Acts of 1893." Since that time general revenue acts have been passed by the legislature as follows: Chapter 128, Acts 1901; chapter 257, Acts 1903; chapter 541, Acts 1907; chapter 479, Acts 1909; chapter 101, Acts 1915; and chapter 70, Acts 1917, the latter amending chapter 101, Acts 1915. In all these acts it is provided "that there shall be levied and collected a collateral inheritance tax as provided for in chapter 174 of the Acts of 1893, and acts amendatory thereof."

In the case of *Zickler* v. *Union Bank & Trust Co.*, 104 Tenn., 277, 57 S. W., 341, this court held that the General Revenue Act of 1895, dealing generally with the subject of privilege taxation, took the place of the General Revenue Act of 1893, and repealed or suspended the latter act by implication, whereupon chapter 174, Acts 1893, subjecting to inheritance tax the estates of brothers and sisters descending by devise or the intestacy of the decedent, was again revived and

General Revenue Act of 1893, and repealed or suspended the latter act by implication, whereupon chapter 174, Acts 1893, subjecting to inheritance tax the estates of brothers and sisters descending by devise or the intestacy of the decedent, was again revived and became operative, and that the shares of brothers and sisters so descending were liable for the inheritance tax provided for in said act.

It is insisted by complainant that all of the provisions of chapter 174, Acts 1893, are now in full force and effect, and that the shares of brothers and sisters are liable for the collateral inheritance tax imposed by said act; while it is contended by the defendants that the language, "and Acts amendatory thereof," appearing in chapter 128, Acts 1901, and the subsequent acts referred to, had the effect of reviving and reenacting section 7 of the General Revenue Act of 1893; or, stated differently by counsel for defendants in their brief, that said language amended chapter 174, Acts 1893, so as to except brothers and sisters from the provisions of said act, and that their shares in estates devised by or descending from a deceased brother or sister are no longer liable for such tax.

We are of the opinion that this contention is not well grounded. We do not think that the language, "and Acts amendatory thereof," appearing in the acts referred to, had the effect of amending chapter 174, Acts 1893, and we know of no theory upon which said language could have such an effect. Said language did not purport to amend chapter 174, Acts 1893. We think the language, "and Acts amendatory thereof," had reference to such live amendatory acts as might then be in existence, and cannot be construed as relat-

ing to the General Revenue Act of 1893, which was repealed or suspended, by implication, by the General Revenue Act of 1895. Since the repeal or suspension of chapter 89, Acts 1893, no act has been passed by the Legislature amending chapter 174, Acts 1893, so as to except the shares of brothers and sisters from its provisions.

It is said in the brief of counsel for defendants that the question involved in the suit at bar was decided in accordance with the contention of defendants by this court in the case of *Tate et al.* v. *Greenlee,* reported in 141 Tenn., 103, 207 S. W. 716. This statement is erroneous. The question of whether the shares of brothers and sisters descending from a deceased brother or sister by inheritance or devise was not involved in that case. It is true that the provisions of chapter 89, Acts 1893, were referred to in the opinion in that case, but the court did not pass on the question of whether the shares of brothers and sisters were liable for the tax under chapter 174, Acts 1893, and it was not necessary for it to do so. The question there being whether shares, which it was alleged had been assigned to Tate and Greenlee by the nephews and niece of the decedent prior to his death, were liable for the collateral inheritance tax.

It results that we are of the opinion that the estate of Robert H. Shepherd, deceased, which descended to his sister, Mrs. Mary A. Sneed, under the laws of descent and distribution, is liable for the inheritance sued for; and a decree will be entered in this court reversing the decree of the circuit court and affirming the decree of the county court allowing a recovery of said tax, costs, and attorney's fees.