JAMES MADDUX *v.* CITY OF NASHVILLE.

*(Nashville.* December Term, 1928.

Opinion filed February 9, 1929.

J. B. DANIEL and THEO. PARKER, for plaintiff in error.

J. W. MOORE, J. CARLTON LOSER, RICHARD GLEAVES and CHARLES GILBERT, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a suit to recover damages for an injury suffered by the plaintiff as a result of a defective sidewalk in the City of Nashville.

To the declaration the defendant filed a plea of not guilty, and a special plea in which it was averred that more than five days before the accident defendant served written notice on the abutting lot owner to repair said defect, and thereby relieved itself of further liability, pursuant to chapter 183, Acts of 1915.

The plaintiff demurred to this special plea upon the ground that the act relied upon was invalid. The trial court overruled the demurrer. The plaintiff refused to plead further, whereupon his suit was dismissed and he has appealed to this court.

*(1)* The contention is made that chapters 182 and 183 of the Acts of 1915 became laws at the same time; that the two acts are repugnant and irreconcilably conflicting; that they neutralize each other and both are, therefore, invalid.

Said two acts, which we copy herein in parallel columns, are as follows:

"CHAPTER NO. 182.

PUBLIC ACT.

REGULAR SESSION, 1915.

Senate Bill No. 968.

(By Messrs. Ashcroft, Parham, Johnson.)

"AN ACT to make abutting lot owner jointly liable in Cities or Taxing Districts for personal injuries received by reason of the

"CHAPTER NO. 183.

PUBLIC ACT.

REGULAR SESSION, 1915.

Senate Bill No. 969.

(By Messrs. Ashcroft, Parham, Johnson.)

"AN ACT to make abutting lot owners liable for damages for personal injuries and to release Cities and Taxing Districts from

unsafe or defective condition of side walks in certain cases.

"SECTION 1. Be it enacted by the General Assembly of the State of Tennessee, That in cities or taxing districts of this State heretofore empowered by the Legislature to compel abutting lot owners to make safe and proper side walks adjoining their lots the abutting lot owner shall be jointly liable with any said city or taxing district to any person injured by reason of the unsafe or defective condition of the side walk adjoining his lot, provided the city or taxing district shall have served written notice upon said abutting lot owner pointing out the unsafe or defective condition of said side walk and making demand that same be repaired five days before the happening of the injury to any person caused by the unsafe or defective condition of the side walk.

"SECTION 2. Be it further enacted, That this Act take effect from and after its passage, the public welfare requiring it.

"Passed April 2nd, 1915."

damages for personal injuries to pedestrians on side walks in certain cases.

"SECTION 1. Be it enacted by the General Assembly of the State of Tennessee, That in Cities or Taxing Districts of this State heretofore empowered by the Legislature to compel abutting lot owners to make safe and proper side walks adjoining their lots, the abutting lot owner shall be liable to any person injured by reason of the negligently unsafe or defective condition of the side walk adjoining his lot and the City or Taxing District shall not be liable to any person injured by reason of the negligently unsafe or defective condition of the side walk adjoining his lot, provided, the City or Taxing District shall have served written notice upon said abutting lot owners pointing out the unsafe or defective condition of said side walk and making demand that same be repaired five days before the happening of the injury to any person caused by the negligently unsafe or defective condition of the side walk.

"SECTION 2. Be it further enacted, That this Act take effect from and after its passage, the public welfare requiring it.

"Passed April 2nd, 1915."

Each act is signed by the respective speakers of the Senate and House. To each act, as published, there is appended the following statement:

"This bill having been presented to the Governor for his signature on the third day of April, 1915, and the Governor having failed to return it within the time prescribed by law, the same is hereby declared to have become a law.

"This 29th day of March, 1916.

"ALBERT E. HILL,
"Speaker of the Senate.
"WM. P. COOPER,
"Speaker of the House of Representatives."

From the legislative journals it appears that Senate Bill 968 was passed first in the Senate, while Senate Bill 969 was passed first in the House.

The following entry appears on the Senate Journal under date of April 3, 1915:

"The Speaker announced that he had signed Senate Bills Nos. 968, 969."

On the same date the following entry was made on the House Journal:

"Mr. Speaker Cooper announced that he had signed Senate Bills Nos. 969, 968."

It further appears that both bills were transmitted to the Governor on April 3, 1915, apparently at the same time, as both bills were passed in sequence, that is, one right after the other, and were treated in all proceedings relating thereto as companion bills.

(2) The Governor filed his disapproval of the bills but not within the five days required by the constitution, and they, therefore, became laws without his signature on

the same day and at the same time. *Johnson City* v. *Eastern Electric Co.,* 133 Tenn., 632.

By section 18 of article 2 of the constitution it is provided:

"Every bill shall be read once, on three different days, and be passed each time in the house where it originated, before transmission to the other. No bill shall become a law until it shall have been read and passed, on three different days in each house, and shall have received, on its final passage in each house, the assent of a majority of all the members to which that house shall be entitled under this constitution; and shall have been signed by the respective speakers in open session, the fact of such signing to be noted on the journal; and shall have received the approval of the governor, or shall have been otherwise passed under the provisions of this constitution."

Section 18 of article 3 of the constitution contains these provisions:

"Every bill which may pass both houses of the general assembly, shall before it becomes a law, be presented to the governor for his signature. . . . If the governor shall fail to return any bill, with his objections within five days (Sunday excepted) after it shall have been presented to him, the same shall become a law without his signature, unless the general assembly, by its adjournment, prevents its return, in which case it shall not become a law."

We find nothing in the journals that would justify us in saying that either bill became a law before the other, and that the latter thereby repealed the former by implication.

This question was involved in *Bailey* v. *Drane,* 96 Tenn., 19, but in that case it affirmatively appeared from the journals that one of the bills was approved and became a law at a later hour of the same day than the other.

As previously stated, these bills were treated as companion acts, while, most likely, they were drafted and presented as alternative bills, the idea being to obtain partial relief, if complete exemption from liability could not be had. But, by mistake or oversight, they were both enacted into law as though they were companion bills that were not in conflict with each other.

It being conceded that the two acts are contradictory and irreconcilable, and being unable to determine that either became effective, in point of time, before the other, it results that both are invalid, and the judgment of the trial court will be reversed, the demurrer to the special plea sustained, and the case remanded for a trial upon the merits.