IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

GLORIA SPIVEY, as Administratrix of
the Estate of Michelle Christi Spivey,
and GLORIA SPIVEY and LARRY
SPIVEY, as guardians and next friend
of JESSICA MICHELLE SPIVEY-
ROBINSON,

FILED

September 09, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

      Plaintiff-Appellee,

Vs.

JASON D. ANDERSON,

      Defendant-Third-Party
      Plaintiff-Appellee,

JAMES C. ROBINSON, JR., and
SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a REGIONAL
MEDICAL CENTER AT MEMPHIS,

      Defendants-Third-Party
      Defendants-Appellants.

Obion Circuit No. 6-16
C.A. No. 02A01-9704-CV-00075

_____

FROM THE OBION COUNTY CIRCUIT COURT
THE HONORABLE WILLIAM B. ACREE, JR., JUDGE


Damon E. Campbell; Conley Campbell Moss
Smith of Union City
Guardian ad litem for Jessica Michelle Robinson

Gary C. McCullough; McCullough and McCullough of Memphis
For Appellants


*REVERSED AND REMANDED*

Opinion filed:


**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**



CONCUR:

ALAN E. HIGHERS, JUDGE

DAVID R. FARMER, JUDGE

    This case involves a hospital's lien on the proceeds from a wrongful death suit. Third-

party defendant, Shelby County Health Care Corporation d/b/a The Regional Medical Center at

Memphis (the Med), appeals the order of the trial court holding that the proceeds of the wrongful

death settlement were not subject to the Med's hospital lien.

On December 23, 1995, Michelle Christi Spivey was killed while riding as a passenger in a car driven by James C. Robinson, Jr., which was involved in an accident in Obion County, Tennessee. The Robinson vehicle collided with an automobile driven by Jason D. Alexander. Michelle Christi Spivey was treated for injuries at the Med following the accident, but she later died from her injuries. On January 26, 1996, the Med filed "Affidavit for Hospital Lien" in the Obion County Circuit Court Clerk's office pursuant to T.C.A. § 29-22-101 (1980) for medical expenses totaling $19,082.54.

On April 12, 1996, Gloria Spivey, as administratrix of the estate of Michelle Christi Spivey, and Gloria and Larry Spivey, as guardians and next friend of Jessica Michelle Spivey-Robinson, a minor, (the Spiveys), filed a complaint, in the Obion County Circuit Court for wrongful death against Jason D. Anderson. The deceased, Michelle Christi Spivey, was the mother of Jessica Michelle Spivey-Robinson, and James Robinson is the putative father of the minor child. On August 5, 1996, Jason D. Anderson and Tennessee Farmers Mutual Insurance Company, the uninsured motorist carrier, filed a "Petition for Approval of Compromised Settlement of Minor's Claim for Wrongful Death," in the amount of $50,000, $25,000.00 to be paid on behalf of Jason Anderson and $25,000.00 to be paid on behalf of Tennessee Farmers. On August 12, 1996, the Spiveys filed an amendment to the petition challenging James Robinson's standing before the court and asserting that the settlement was free from the Med's lien by virtue of T.C.A. § 20-5-106 (1994). The Spiveys' amendment requested that James Robinson and the Med be added as defendants.

The trial court tentatively approved the settlement and entered a disbursement order on August 13, 1996. The order provides, *inter alia*, that the settlement funds are not subject to the Med's lien.

On September 18, 1996, Jason Anderson filed a "Motion to Allow Third Party Complaint for Declaratory Judgment." The trial court granted his motion to include James Robinson and the Med as defendants, and on September 26, 1996, Jason Anderson filed a third party complaint for declaratory judgment against James Robinson and the Med. The complaint requests the trial court to declare the relative rights of James Robinson and the Med to the funds that were

approved as a full and final settlement in the wrongful death suit.[1]

The trial court entered an order approving the compromise settlement on October 15, 1996, relieving Jason Anderson and Tennessee Farmers from any liability to Jessica Michelle Spivey-Robinson and to the Med. On October 17, 1996, the Med filed an answer to the third party complaint asserting that it was entitled to a portion of the proceeds of the wrongful death suit pursuant to the hospitals' liens statute, T.C.A. § 29-22-101 (1980).

On February 21, 1997, the trial court entered a judgment holding that the settlement proceeds were not subject to the Med's lien by virtue of T.C.A. § 20-5-106(b) (1994), which provides that the cause of action passes to the beneficiary free from claims of creditors of the estate.

The Med appeals the order of the trial court and presents one issue for review: whether the trial court erred in holding that the proceeds of the wrongful death settlement are not subject to its hospital lien. The Spiveys filed a brief on behalf of Jessica Michelle Spivey-Robinson and add two additional issues: 1) whether the Med properly perfected its hospital lien, and 2) whether the Med can recover more than one-third of the settlement proceeds.

The facts of this case are not in dispute, and we must resolve a conflict between the wrongful death statute and the hospitals' liens statute.

The wrongful death statute states,

> (a) The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; or to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to the person's legally adoptive parents or parent, or to the administrator for the use and benefit of the adoptive parents or parent; *the funds recovered in either case to be free from the claims of creditors.*
> (b) In any case involving a beneficiary who is a minor or who is legally incompetent, if the court finds it is in the best interest of such beneficiary, the court in its discretion may

---

[1] James Robinson did not answer the third party complaint, and on March 13, 1997, the trial court entered a default judgment dismissing any claim that he may have had against Jason Alexander and Tennessee Farmers. James Robinson is not a party to this appeal.

authorize all or any portion of the funds recovered for such beneficiary to be added to any trust or trusts established for the benefit of such beneficiary, wherever situated, whether such trust was created by the person whose death was caused by the wrongful action or omission or by any other person. *The funds recovered shall be for the benefit of such beneficiary and shall be free from the claims of creditors.*

T.C.A. § 20-5-106 (a), (b) (1994) (emphasis added).

The hospitals' liens statute states,

(a) Every person, firm, association, corporation, institution, or any governmental unit, including the state of Tennessee, any county or municipalities operating and maintaining a hospital in this state, shall have a lien for all reasonable and necessary charges for hospital care, treatment and maintenance of ill or injured persons *upon any and all causes of action, suits, claims, counterclaims or demands* accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such person in the case of his or her death, on account of illness or injuries giving rise to such causes of action or claims and which necessitated such hospital care, treatment and maintenance.

(b) The hospital lien, however, shall not apply to any amount in excess of one-third (1/3) of the damages obtained or recovered by such person by judgment, settlement or compromise rendered or entered into by such person or his or her legal representative by virtue of the cause of action accruing thereto.

(c) The lien herein created shall be subject and subordinate to any attorney's lien whether by contract, suit or judgment upon such claim or cause of action and shall not be applicable to accidents or injuries within the purview of the Tennessee Workers' Compensation Law, compiled in chapters 9-12 of title 50. Any such lien arising out of a motor vehicle accident shall not take priority over a mechanic's lien or prior recorded lien upon a motor vehicle involved in said accident.

T.C.A. § 29-22-101 (1980) (emphasis added).

In a wrongful death suit, the recovery passes to the statutory beneficiary free from any claims of creditors of the estate because the statutory beneficiary is the real party in interest. *Memphis Street Ry. Co. v. Cooper*, 313 S.W.2d 444, 448 (Tenn. 1958). The wrongful death statute is in the nature of the statutes of descent and distribution. *See Dilworth v. Tisdale Transfer & Storage Co.*, 354 S.W.2d 261, 262 (Tenn. 1962). However, neither of these cases, which were relied upon by the trial court, deals with a hospital's lien, and both were decided before the General Assembly passed the hospitals' liens statute.

T.C.A. § 1-3-103 (1994) provides: "If provisions of different titles or chapters of the code appear to contravene each other, the provisions of each title or chapter shall prevail as to all matters and questions growing out of the subject matter of that title or chapter." T.C.A. § 1-3-

103 (1994).

A specific statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute. *Valley Fidelity Bank & Trust Co. v. Ayers*, 861 S.W.2d 366, 369 (Tenn. App. 1993). The wrongful death statute is a general statute dealing with recovery for an injury resulting in death, and the subsequently enacted hospitals' liens statute specifically establishes a lien for recovery of medical expenses. In *Holston Valley Hospital and Medical Center v. Moffitt, et al*, No. 03A01-9608-CV-00271, Court of Appeals, March 31, 1997, the Eastern Section of this Court, in considering the precise issue before us, said:

> The Hospital defends the Trial Court's action with regard to T.C.A. 20-5-106(a) upon the ground that provisions of the Hospital Lien Statute, having been enacted subsequent to the one providing the funds, would "be free from the claims of creditors" repealed by implication that provision insofar as hospitals are concerned. Chief Justice Green, one of the premiere jurists of this State, recognized the Rule almost three-quarters of a century ago, in *Southern Construction Co. v. Halliburton*, 149 Tenn. 319, 329, 258 S.W. 409, 412 (1924), wherein he stated the following:
>
>> Although a later act may not cover the entire subject-matter of an earlier act, nor purport to provide a new system, if the later act is repugnant and irreconcilable on a particular point, it will operate as a repeal by implication to the extent of the repugnance and conflict. *Baily v. Drane*, 96 Tenn. 16, 33 S.W. 573. *Balden v. State,* 122 Tenn. 704, 127 S.W. 134.
>
> The rule has been affirmed in a number of cases, including the relatively recent case of *State v. Palmer*, 902 S.W.2d 391 (Tenn. 1995), and an earlier case, *Kennon v. Commercial Standard Ins. Co.*, 52 Tenn. App. 521, 376 S.W.2d 703 (1963).
>
> Although the Trial Judge did not specifically so state, implicit in his determination is a finding that the provisions of the Hospital Lien Statute repealed by implication the provision of 20-5-106 that funds recovered would be free of claims of creditors.
>
> We concur with the implicit finding of the Trial Court that the Code Sections touching on the question are irreconcilable and that the former was repealed by the latter.

*Id.* at 3-4.

We agree with Holston to the extent it holds that the provisions of the hospitals' lien statute are irreconcilable with the provisions of T.C.A. § 20-5-106 that funds recovered are free from claims of creditors. Therefore, we hold that such provisions of T.C.A. § 20-5-106 do not

apply in the face of an applicable and properly perfected hospital lien authorized by T.C.A. § 29-22-101, *et seq.* (1980 and Supp. 1996).

In their brief, the Spiveys argue that this case should be remanded to the trial court to determine the issue of whether the Med's lien was properly perfected. The trial court did not reach this issue because it decided that the wrongful death statute prevailed over the hospitals' liens statute. A hospital's lien must be perfected in accordance with T.C.A. § 29-22-102:

> (a) In order to perfect such lien, the agent or operator of the hospital, before or within one hundred twenty (120) days after any such person shall have been discharged therefrom, shall file in the office of the clerk of the circuit court of the county in which the hospital is located, and in the county wherein the patient resides, if a resident of this state, a verified statement in writing setting forth the name and address of the patient as it appears on the records of the hospital, and the name and address of the operator thereof, the dates of admission and discharge of the patient therefrom, the amount claimed to be due for such hospital care, and to the best of the claimant's knowledge, the names and addresses of persons, firms or corporations claimed by such ill or injured person or by his or her legal representative, to be liable for damages arising from such illness or injuries.
>
> (b) A copy of the claim shall, within ten (10) days from the filing thereof be sent by registered mail, postage prepaid, to each person, firm or corporation so claimed to be liable on account of such illness or injuries, at the address given in the statement, and to the attorney, or attorneys, representing the person to whom services were rendered by the hospital if such attorney, or attorneys, are known to the claimant or could, with reasonable diligence, be known to the claimant.

T.C.A. § 29-22-102 (a), (b) (Supp. 1996).

The record contains the "Affidavit for Hospital Lien" filed by the Med in this case. The lien appears to comply with the statute and directly tracks its language. Moreover, T.C.A. § 29-22-102 (d) provides:

> **29-22-102. Perfecting lien - Filing and notice - contesting - Effect of settlement or payment. -**
>
>   *    *    *
>
> (d) Any person desiring to contest such a lien or the reasonableness of the charges thereof may do so by filing a motion to quash or reduce the same in the circuit court of the county in which the lien was perfected, making all other parties in interest respondents thereto. Any such motion may be heard in term time or vacation and at such time and place as maybe fixed by order of the court.

Appellees' only contention in the trial court was that the hospitals' lien statute is not applicable to wrongful death actions. Appellees have otherwise failed to contest the lien or the

reasonableness of the charges in the trial court, and the issue may not be raised for the first time on appeal. *Simpson v. Frontier Community Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991).

The Spiveys also argue that the Med is entitled to only one-third of the settlement proceeds. The hospitals' liens statute specifically addresses this issue: "The hospital lien, however, shall not apply to any amount in excess of one-third (1/3) of the damages obtained or recovered by such person by judgment, settlement or compromise rendered or entered into by such person or his or her legal representative by virtue of the cause of action accruing thereto." T.C.A. § 29-22-101(b) (1980). The Med does not dispute that it is entitled to only one-third of the $50,000.00 settlement in this case. We find that pursuant to the hospitals' liens statute the Med is entitled to judgment of $16,666.66.

Accordingly, the order of the trial court is reversed, and judgment is entered for the Med in the amount of $16,666.66. This case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against appellees.

 

                                              _____

                                              **W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**