## SCHLIRF v. LOOSEN.

No. 33283.   June 26, 1951.

*232 P. 2d 928.*

Shutler, Shutler & Bradley, Kingfisher, for plaintiff in error.

Louis Reilly, Kingfisher, and A. Francis Porta, El Reno, for defendant in error.

DAVISON, J. The plaintiff in error, Katharine Schlirf, as plaintiff below, brought this action seeking the abatement of an alleged public nuisance constructed and maintained by the defendant in error, J. Paul Loosen, the defendant below, and to recover damages suffered thereby. The parties will be referred to as they appeared in the trial court.

The plaintiff owned two town lots in the town of Okarche, Oklahoma, upon which were located a filling station and residence. Immediately north of plaintiff's property, the defendant owned several lots upon which was his residence. Extending in a northerly and southerly direction and forming the westerly boundary line of both plaintiff's and defendant's property was the right of way of U. S. Highway No. 81. This right of way was 100 feet wide, the approximate center 20 foot portion of which was paved. Plaintiff's filling station facing west onto the highway was located on the north part of her lots, near defendant's south boundary line.

In the summer of 1937, the defendant built a brick and rock wall around his property, which was seven feet high with pillars eight feet high, along the boundary line between his property and that of plaintiff. This wall extended west into the highway right of way about 10 inches. In the latter part of 1938 he was assessed and paid $77.92 to the W. P. A. for materials used in constructing a concrete curb and gutter, in the highway right of way, parallel with and about 24 feet west of defendant's west boundary line. The south terminus of the curb and gutter was on the same line as the boundary line between the properties of the litigants.

Plaintiff contended that the wall shut off the view of plaintiff's filling station from travelers coming south on the highway, reducing the sales of gasoline and oil. That the construction of the curb and gutter made it impossible for her customers to drive into, or out of, the inner drive-way, reducing the business some 50 per cent. That previous to that time, she had rented the filling station for $15 per month, and afterwards it was impossible to rent it and it remained vacant up to the time of trial. Plaintiff founded her right to maintain this action upon the ground that these structures constituted public nuisances, from which she suffered a special damage entitling her to a judgment abating the same and to a money judgment for the injury suffered. The petition contained allegations of malice and a prayer for punitive damages, but that question is not here involved. The petition also alleged that the foundation for the wall extended on plaintiff's property. The petition was filed December 31, 1941, more than 4 years after the completion of the wall and more than 3 years after the curb and gutter were built.

The defendant denied generally the allegation in the petition, and although his answer is rather voluminous, he relies principally upon only two grounds of defense—that the structures were not nuisances subject to abatement, and that plaintiff's causes of action were barred by the statute of limitations. A trial was had to a jury, resulting in an order of the court sustaining a demurrer to the evidence of plaintiff and directing a verdict for the defendant. Plaintiff brings the case here on appeal.

In order to make out a case with reference to the curb and gutter, it was incumbent upon plaintiff to prove that its construction and maintenance constituted a nuisance for which defendant was responsible. The record contains no proof to this effect. The

extent of the testimony was as to its size and location. It was built parallel with defendant's west boundary line some 25 feet out on the highway right of way but about 6 feet east of the paved highway slab. The only information contained in the record, relative to its construction, is found in defendant's answer. Therein, it was alleged that the defendant had no part in locating or constructing it other than that he granted permission to the city and its officers to build it and paid $77.92 as his assessed portion of the cost of materials. The municipality and its officers constructed it as a W. P. A. project during the depression. They also selected its location in the city street, which was directly under their control and supervision, in much the same manner as they would have located and built any other special street improvement. Under this state of facts, defendant could not be held responsible for maintaining a nuisance. Therefore, any cause of action accruing to plaintiff, founded upon the construction and maintenance of the curb and gutter, was against the municipality and its officers and agents and not against defendant. Although dealing with a different situation, the opinion in the case of Phillips Petroleum Co. v. Stephenson, 191 Okla. 294, 129 P. 2d 575, reaches this same conclusion.

This, then, leaves only the question of whether or not the construction of the wall constituted such a nuisance that plaintiff was entitled to have the same abated. At no place did it encroach on plaintiff's premises. If either of two situations existed, judgment should have been for plaintiff: First. If the wall constituted a private nuisance because defendant built it out of spite and ill will and it shut off plaintiff's filling station from view of passing tourists. Second. If it constituted a public nuisance per se because of encroaching ten inches on the public highway right of way, and, in addition, plaintiff suffered an individual injury resulting therefrom, different from that suffered by the public generally.

With reference to the first situation above, this court has long adhered to the rule applied in the case of Hibbard v. Halliday, 58 Okla. 244, 158 P. 1158, that:

"At the common law there was a cause of action whenever one person did damage to another willfully and intentionally and without just cause or excuse,"

but the facts in the instant case do not bring it within the sphere of operation of that rule. All the testimony in the record with reference thereto is to the effect that the fence, constructed by plaintiff along the common boundary line, was beautifully constructed and appeared to have been built under the supervision of a landscape expert. The evidence does not bear out the assertion of plaintiff that it was built because of spite and malice. The case is analogous to and controlled by the rule applied in the case of Bixby v. Cravens, 57 Okla. 119, 156 P. 1184, as follows:

"Under the evidence set out in the record, the fence complained of having been erected in the exercise of a lawful right to make the owner's property more comfortable and usable and not out of spite or ill will toward the adjoining proprietor, although he may have been annoyed thereby, did not constitute a nuisance, and the law does not authorize its abatement."

Passing then to the second situation: If the wall constituted a public nuisance per se it was because of its encroachment upon the highway right of way to the extent of 10 inches. If it did constitute a public nuisance per se, it could only be abated by, and this action could only be maintained by, the proper public officials or plaintiff, if she suffered a special or peculiar injury therefrom, different in kind from that suffered by the public at large. In the case of United States v. Choc-

taw, O. & G. R. Co., 3 Okla. 404, 41 P. 729, the Territorial Court, recognizing this generally adopted rule, said:

"In an action for the prevention of a public nuisance, the petition must show that the relators have suffered some special or peculiar injury not shared by the public alike, in order to sustain the action."

and in the case of McKay v. City of Enid, 26 Okla. 275, 109 P. 520, this court said:

"An action cannot be maintained by a private person for an interference with or an obstruction in a public highway constituting a public nuisance, unless he is thereby specially injured in some way not common to the public at large."

These cases apply the same rule incorporated in section 10 of Title 50, O.S. 1941, which provides:

"A private person may maintain an action for a public nuisance if it is specially injurious to himself *but not otherwise.*" (Italics ours.)

Plaintiff's evidence in the case at bar is to the effect that the business of the filling station of plaintiff diminished materially with the construction of the curb and gutter, but no loss or injury was established as resulting from the building of the wall, other than the entire wall as a whole. The protrusion of the wall onto the right of way was not shown to have caused plaintiff any injury. Since she did not prove herself to be within that class of persons authorized to maintain this action under the rule in the above-cited cases, the trial court was correct in sustaining the demurrer of the defendant to the evidence.

The judgment is affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur.