John T. SHAYNE, Plaintiff and Appellant,

v.

STANLEY & SONS, INC., aka Stanley Abstract and Title Co, a Utah Corp.; and George B. Stanley et al., Defendants and Respondents.

No. 16106.

Supreme Court of Utah.

Jan. 14, 1980.

David S. Young of Stewart, Young & Paxton, Salt Lake City, for plaintiff and appellant.

D. Gary Christian of Kipp & Christian, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiff appeals from summary judgment granted to defendants and the dismissal of his complaint, by the District Court of Duchesne County, Utah. The complaint alleged fraud, and breach of confidential relationship against all of the defendants and conflict of interest on the part of Defendant George B. Stanley (who, plaintiff alleged, was plaintiff's legal counsel) in the conveyance of certain real property located in Duchesne County, Utah.

The Court entered its summary judgment[1] on the basis of what it termed "findings of undisputed facts".[2] Plaintiff

---

1. Rule 56, Utah Rules of Civil Procedure.

2. While we do not find any specific authority in our rules of civil procedure for findings in a case where summary judgment is granted, this

Court concludes that such findings may be helpful in some cases. We believe, however, if the District Court chooses to enter such findings that counsel for both parties should be given an opportunity to stipulate to such facts,

has not objected to this procedure below or on appeal, and has not designated any of these findings as facts which are in dispute.

█ The record, particularly plaintiff's answers to interrogatories, supports the Court's findings that there is no material fact in dispute, and that the defendants are entitled to judgment as a matter of law.

In his answers to defendants' interrogatories, plaintiff stated that he could not designate any specific fraud on the part of defendants, but had "instigated this action in order to determine what acts were instigated by defendants . . . to deceive plaintiff." See Rule 9(b), Utah Rules of Civil Procedure which requires fraud to be pleaded with particularity.

Plaintiff also admitted that he had never engaged the services of George B. Stanley as his legal counsel. Similarly, plaintiff stated that he had not engaged the services of the title insurance company prior to the time of the conveyance of the real property, which conveyance he alleged was fraudulent.

There is, in the record, substantial basis for the District Court to have determined that the material facts were not genuinely in dispute.

█ Plaintiff also attempts to raise an allegation of negligence on the part of defendants, here on appeal. As he did not raise this issue below, we do not discuss it.[3] Affirmed. Costs to defendants.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

or the Court should identify those parts of the record which sustain its finding that the fact is undisputed.

3. *Nelson v. Newman*, Utah, 583 P.2d 601 (1978); *Maltby v. Cox Construction Co., Inc.*, Utah, 598 P.2d 336 (1979).