**Robert Van ERICKSON, Plaintiff and Appellant,**

v.

**SORENSEN, Craig F. Construction, Inc., a Utah corporation, Defendant and Appellee.**

No. 920376–CA.

Court of Appeals of Utah.

April 22, 1994.

Peter C. Collins, Salt Lake City, for appellant.

Mark J. Williams, Salt Lake City, for appellee.

OPINION (For Publication)

Before BENCH, JACKSON and ORME, JJ.

ORME, Associate Presiding Judge:

Plaintiff appeals from an adverse judgment in his personal injury action arising from a bicycle accident. Plaintiff claims that the trial court erred in granting defendant's partial summary judgment, in admitting certain testimony, and in failing to give plaintiff's requested jury instructions. We affirm.

### FACTS

In the early hours of August 11, 1989, plaintiff Robert Erickson was injured when he collided with a road construction sign while riding his bicycle home from work along Fairfield Road in Layton, Utah. Plaintiff had previously made the same trip about ten times, pedaling to work from his home in Layton during the day, and returning along the same route at night. On the daylight half of the commute, plaintiff would check the roadway for any possible problems of which he should be mindful on his nighttime return trip.

On August 10, defendant Sorensen Construction arranged for the delivery of a 4′ × 4′ diamond shaped construction sign to protect a worker engaged in marking and cutting pavement along the roadway. After the day's work was completed, the construction sign was moved to the side of the road, up against a guardrail. However, while so positioned, a corner of the sign still protruded into the paved portion of the roadway, between the marked traffic lane and the guardrail. Based upon measurements made by defendant, given the size of the sign and the angle of its position the sign protruded approximately twenty to thirty inches in from the guardrail. Accordingly, the sign presented no obstacle to vehicular traffic in the regular traffic lane, but might interfere with bicycle and moped traffic, pedestrians, joggers, vehicles swerving to avoid animals or pedestrians, and others who forseeably use that portion of the roadway.

When plaintiff rode home from work shortly after midnight, the night was moonless and cloudy. While plaintiff wore a helmet and his bike was equipped with reflectors, it did not have a headlight. He was traveling at a high rate of speed, since he was also using the trip home as a "workout." While riding his bicycle close to the right-hand edge of the road, plaintiff's helmeted head struck the protruding portion of the construction sign. As a result, plaintiff lost control of his bicycle, fell, and suffered physical injuries.

Defendant was the general contractor for the roadway construction project, in connection with which the sign had been placed. Plaintiff brought this action against defendant, claiming that defendant's placement of

the construction sign at the end of the day's work resulted in his injuries, and that defendant was liable under theories of public nuisance, third-party beneficiary, and negligence. The trial court granted defendant summary judgment on all claims except negligence, on which plaintiff proceeded to trial. The case was tried before a jury, which found that defendant was not negligent in its placement of the construction sign.

## PUBLIC NUISANCE

On appeal, plaintiff argues that the trial court erred in granting defendant summary judgment on plaintiff's claim for strict liability based on defendant's creation of a public nuisance.[1] Summary judgment is appropriate only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Rollins v. Petersen*, 813 P.2d 1156, 1159 (Utah 1991). We accord no deference to the trial court's conclusions of law, but review them for correctness. *Rollins*, 813 P.2d at 1159; *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988).

### A. Violation of Public Nuisance Statute

Plaintiff claims defendant's placement of the construction sign constituted a public nuisance under Utah Code Ann. § 76–10–803 (1990), and that therefore defendant should be strictly liable for his injuries. According to section 76–10–803,

> (1) A public nuisance is a crime against the order and economy of the state and consists in unlawfully doing any act or omitting to perform any duty, which act or omission:
>
> . . . . .
>
> (c) unlawfully interferes with, obstructs, or tends to obstruct, or renders dangerous for passage, any ... public ... street, or highway.

*Id.*

Section 76–10–803 is by no means a model of clarity. The statute first states that the

creation of a public nuisance requires an unlawful act or omitting to perform any duty. *Id.* § 76–10–803(1). However, the statute additionally states in subsection (c) that the resulting interference or obstruction must be unlawful. *Id.* Reading the statute as written would require a demonstration of unlawfulness at two levels, namely an "unlawful act ... unlawfully" interfering or obstructing a public street or highway. *Id.*

It is also unclear what "unlawful" means in the context of the public nuisance statute. The dictionary defines "unlawful" to mean "contrary to or prohibited by law," "contrary to normal or acceptable procedure," and "not authorized or justified by law." Webster's Third International Dictionary 2503 (1976). Thus, the statute's use of "unlawful" might connote illegal conduct, but it might also mean conduct that is wrongful (without necessarily being illegal), or simply unauthorized conduct (that is not necessarily illegal or even wrongful).

The illegality alternative can be eliminated from consideration. Section 76–10–803 is found in the criminal code, and its violation constitutes a class B misdemeanor. *See* Utah Code Ann. § 76–10–804 (1990). Given the fact that creating a public nuisance is a criminal offense, it would be redundant, in a sense, to require that the underlying conduct creating the nuisance also be illegal. With that interpretation, the statute would serve little purpose, as the underlying action would itself already be illegal.

Meanwhile, under traditional nuisance analysis, the underlying conduct need not even be wrongful. According to the Utah Supreme Court, "[i]t is of no consequence that a business which causes a nuisance is a lawful business." *Branch v. Western Petroleum, Inc.*, 657 P.2d 267, 274 (Utah 1982) (citing *Mowrer v. Ashland Oil & Refining Co.*, 518 F.2d 659 (7th Cir.1975)). In addition, "[t]he doctrine of nuisance 'has reference to the interests invaded, to the damage or harm inflicted, and not to any particular

---

1. We find no merit in defendant's additional argument that the trial court erred in granting defendant summary judgment on his claim of third party beneficiary liability, and accordingly

decline to address it. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989); *State v. Vigil,* 840 P.2d 788, 795 (Utah App.1992), *cert. denied,* 857 P.2d 948 (Utah 1993).

kind of action or omission which has led to the invasion.'" *Id.* (quoting William L. Prosser, *Law of Torts* § 87, at 73–75 (4th ed. 1971)). Given the statute's ambiguity, the range of definitions of "unlawful," the nature of nuisance law, and the purpose of the statute, it must be concluded that "unlawful" in the statute's context must mean "wrongful" in a fairly broad sense, rather than illegal in a technical sense.[2]

Defendant's placement of the sign at least partially obstructed Fairfield Road, rendering the highway dangerous for passage to bicyclists like the plaintiff especially given that bicyclists are required by law to ride as far to the right of the roadway as practicable. Utah Code Ann. § 41–6–87(1) (1993). Defendant's conduct was therefore wrongful for purposes of Utah Code Ann. § 76–10–803 (1990). Yet, as previously noted, section 76–10–803 also requires that the obstruction or interference be unlawful.

There is no lawful reason for obstructing a public highway, absent some necessity or privilege. While defendant may have rightfully obstructed traffic in order to ensure the safety of the worker cutting and marking pavement alongside the roadway, such necessity was extinguished when the activity ceased at the end of the work day. It must be concluded that continuing to obstruct a public road once the necessity no longer exists is, in the dictionary parlance quoted above, "not authorized or justified by law" and "contrary to normal or accepted behavior."

Accordingly, by leaving the sign obstructing the roadway, defendant acted unlawfully, creating an unlawful interference and thus a public nuisance under the statute.[3]

## B. Availability of Private Action

While the civil redress of the societal wrong caused by a public nuisance is usually through an action for abatement by a public official, *see* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 90, at 643 (5th ed. 1984); Utah Code Ann. § 76–10–806 (1990), private actions for damages may also be pursued. This court has implicitly recognized the existence of a private civil right of action based upon section 76–10–803. *See Turnbaugh v. Anderson,* 793 P.2d 939, 940–43 (Utah App.1990). *See also Solar Salt Co. v. Southern Pac. Transp. Co.,* 555 P.2d 286, 289 (Utah 1976) (discussing private cause of action based on another nuisance statute). Yet such a cause of action will only lie when the private plaintiff has suffered damages different from those of society at large. *Hostetler v. Ward,* 41 Wash. App. 343, 704 P.2d 1193, 1202 (1985). *See also Padjen v. Shipley,* 553 P.2d 938, 939 (Utah 1976). This "special injury" requirement is fully satisfied, however, where the private plaintiff has suffered physical injuries, as in the case before us. *Hostetler,* 704 P.2d at 1202; W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 90, at 648 (5th ed. 1984).

Unfortunately for plaintiff, a private party seeking damages for the creation of a

---

2. The concurring opinion would require that the conduct "violated a pre-existing law" in order to constitute a public nuisance. Were this 'view correct, wrongful activity not specifically prohibited by law could never create a public nuisance, since it would not be illegal in itself. Thus, if there were no law specifically prohibiting parking a trailer in the middle of a public road or driving livestock through a school hallway, such activity could not constitute a public nuisance under this view of the statute. Further, such a view collapses the distinction between nuisance and nuisance per se.

3. The common law of nuisance requires that the conduct be "ongoing and continuous" in order to constitute a nuisance. *See Culwell v. Abbott Constr. Co.,* 211 Kan. 359, 506 P.2d 1191, 1197 (1973). In contrast, Utah Code Ann. § 76–10–

803 (1990) makes no mention of any such requirement in the creation of a public nuisance. Since public nuisances are different from private nuisances in the sense that they affect society as a whole, *see Solar Salt Co. v. Southern Pac. Transp. Co.,* 555 P.2d 286, 289 (Utah 1976), and that the typical remedy is an abatement action by a representative of the state, *see* Utah Code Ann. § 76–10–806 (1990), it may not be necessary that the conduct be continuous in order to constitute a public nuisance warranting abatement or other remedy. Thus, while recognizing that a grave, although isolated, act of interference with a public roadway may constitute a public nuisance, this opinion acknowledges the common law requirement that the conduct must be ongoing and continuous in other circumstances.

public nuisance must surmount an additional hurdle. Unless plaintiff can show that defendant's action constituted nuisance per se, plaintiff must demonstrate that the defendant's conduct was unreasonable in order to impose liability. *Branch v. Western Petroleum, Inc.*, 657 P.2d 267, 276 (Utah 1982); *Turnbaugh v. Anderson*, 793 P.2d 939, 943 (Utah App.1990).

 Nuisance per se exists when the conduct creating the nuisance is also specifically prohibited by statute—not just that it is unlawful in the broader sense necessary to show a nuisance under the public nuisance statute. *See Branch*, 657 P.2d at 276; *Turnbaugh*, 793 P.2d at 943. Thus, mere violation of the public nuisance statute does not constitute nuisance per se. *Id.* Rather, the doctrine requires that the conduct creating the nuisance also be specifically prohibited. *Id.* Where the conduct itself is already prohibited, " 'the issue of the reasonableness of the defendant's conduct and the weighing of the relative interests of the plaintiff and defendant is precluded because the Legislature has, in effect, already struck the balance in favor of the innocent party.' " *Turnbaugh*,

793 P.2d at 943 (quoting *Branch*, 657 P.2d at 276).

 In this case, however, defendant did not violate a specific statutory prohibition when it left the sign at the side of the roadway, and thus, although it created a public nuisance, the nuisance did not qualify as nuisance per se.[4]

 As a result, plaintiff must demonstrate that defendant's conduct was unreasonable in order to recover. Conduct creating a nuisance which harms the plaintiff is unreasonable only where it is intentional, negligent, reckless, or ultrahazardous. *See Turnbaugh*, 793 P.2d at 942; *Hostetler*, 704 P.2d at 1202–03; *Stroda v. State Highway Comm'n*, 22 Or.App. 403, 539 P.2d 1147, 1150 (1975). Absent a showing that defendant's actions fell within one of these four categories, plaintiff cannot recover for his injuries in a *private action*, even though no such culpability is required to establish a public nuisance as such and trigger entitlement to abatement remedies. *See Hostetler*, 704 P.2d at 1202–03; *Stroda*, 539 P.2d at 1150.

4. Plaintiff argues that defendant's conduct violated the "Manual on Uniform Traffic Control Devices for Streets and Highways" which, we are advised, states that "[a]ll traffic control devices shall be removed immediately when no longer needed." Plaintiff also claims that the manual's provision has been elevated to the status of law pursuant to Utah Code Ann. §§ 41–6–13(2), –20(1) (1993). However, section 41–6–13(2) merely states that

[w]hen flaggers at highway construction or maintenance sites are directing traffic they shall use devices and procedures conforming to the latest edition of the "Manual on Uniform Traffic Control Devices for Streets and Highways."

*Id.* In addition, section 41–6–20 only notes that
(a) [t]he Transportation Commission shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this chapter for use upon highways within this state.
(b) The manual shall correlate with, and where possible conform to, the system set forth in the 1988 edition of the "Manual on Uniform Traffic Control Devices for Streets and Highways" and other standards issued or endorsed by the federal highway administrator.
*Id.*
On reading the foregoing statutes, there is no specific adoption of the admonition quoted by

plaintiff, nor of the manual as a whole. Neither has the Transportation Commission's adoption of the manual been otherwise demonstrated. In any case, while defendant's action in leaving the construction sign at the side of the road might conceivably violate the manual's mandate, and thus implicate whatever legal status it has in Utah, it is clear that even if a violation did occur, it is not of the *specific statutory* nature required to establish nuisance per se. *See Turnbaugh v. Anderson*, 793 P.2d 939, 943 (Utah App.1990).
The dissent argues that Utah Code Ann. § 27–12–141 (1989) constitutes a specific statutory prohibition, the violation of which would establish nuisance per se. Section 27–12–141 states, in pertinent part, that "any person who *willfully* or *carelessly* places or leaves, or causes to be placed or left, anything upon any such highway in such a way as to obstruct travel or to endanger property or persons passing upon such highway, *is guilty of a misdemeanor."* *Id.* (emphasis added). Far from constituting a simple prohibition of defendant's conduct, § 27–12–141 merely restates the requirement that there be a finding of fault in order to impose sanctions. Thus, § 27–12–141 supports the conclusion that absent some level of culpability on defendant's part, which at the very least requires negligence, there can be no liability to a private party for the creation of a public nuisance which does not also qualify as a nuisance per se.

Plaintiff has not made the requisite showing that defendant's conduct was unreasonable. He makes no allegation that defendant intentionally or recklessly obstructed the roadway, *see, e.g., Vincent v. Salt Lake County,* 583 P.2d 105, 108 (Utah 1978), or that performing highway construction or maintenance is an ultrahazardous activity. *See, e.g., Branch,* 657 P.2d at 274. While plaintiff consistently contended that defendant was negligent in its conduct, the jury disagreed, absolving defendant of negligence in its placement of the sign.

### C. No Liability Absent Negligence

Plaintiff does not contend in this appeal that the evidence was insufficient to support the jury's verdict of no negligence. Rather, he attempts to escape the import of the jury's determination by moving our attention from negligence to nuisance. The effort fails, ultimately, because defendant's conduct is actionable under a public nuisance theory only if it was unreasonable, which, on these facts, requires at least a showing of negligence.[5] Thus, even under a nuisance framework, the jury's determination on negligence is fatal to plaintiff's claim.

Accordingly, plaintiff cannot impose on defendant liability for his damages based on its creation of a public nuisance. He has not demonstrated that defendant's conduct warranted the application of strict liability accompanying nuisance per se, nor that its conduct fell within one of the four categories of unreasonable behavior. Thus, while the trial court erred in granting defendant summary judgment on plaintiff's public nuisance claim, the error was not prejudicial. Because the jury failed to find that defendant's conduct was even negligent, let alone reckless, intentional, or ultrahazardous, plaintiff's claim for liability based on the creation of a public nuisance would not have succeeded in any event.

## ADMISSION OF EVIDENCE

Plaintiff also claims that the trial court erred in admitting the investigating police officer's testimony that defendant's construction sign did not obstruct traffic. Plaintiff argues that the investigating officer's testimony was irrelevant, and that even if relevant, it was more prejudicial than probative. *See* Utah R.Evid. 401, 403; *Turner v. General Adjustment Bureau, Inc.,* 832 P.2d 62, 69 (Utah App.1992). Where the underlying facts are not in dispute, we review the trial court's decision to admit evidence under a correction of error standard. *State v. Ramirez,* 817 P.2d 774, 781–82 (Utah 1991); *Provo City v. Warden,* 844 P.2d 360, 362 (Utah App.1992). *See also State v. Thurman,* 846 P.2d 1256, 1270–71 & n. 11 (Utah 1993).

Officer Lynch had the opportunity to observe the placement of the construction sign both before and after the accident and regularly patrolled that particular stretch of highway. He also testified that while part of the sign "may have protruded into the roadway a little bit," he noted that "it didn't interfere with the vehicular traffic." Plaintiff argues that Officer Lynch's testimony was irrelevant in that it concerned only interference with vehicular traffic. However, when specifically cross-examined regarding that subject, Officer Lynch further opined that the sign did not obstruct bicycle travel along the roadway

---

5. The dissent apparently would apply strict liability for any damages incurred by a private party resulting from the creation of a public nuisance. This is both contrary to case law and represents bad policy. Under the dissent's view, the case of a tree falling or a wall collapsing onto the roadway would result in strict liability for any damages caused thereby to a private party, regardless of whether the property owner bore any responsibility for such occurrences. *See* W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 90, at 651 (5th ed. 1984). The dissent reaches this result by allowing private recovery of damages under the same standard permitting public abatement of such conduct.

Public nuisance doctrine was not originally intended to create a private cause of action for damages, which might otherwise be pursued under the doctrines of private nuisance and negligence. Rather, private actions premised on public nuisances are an exception to the public nuisance doctrine, which courts will allow, only reluctantly, if the requirements of special injury and fault are met. The dissent's confusion is demonstrated by its reliance on *People v. Burtlesen,* 14 Utah 258, 47 P. 87 (Utah 1896), which involved the criminal prosecution of defendant for the creation of a public nuisance, not an action by a private party seeking damages sustained by reason of such a nuisance.

either. We disagree with plaintiff's assertion that the trial court erred in admitting Officer Lynch's testimony. Officer Lynch was clearly qualified to testify as to whether the sign constituted a hazard along the roadway, and the evidence was relevant both to plaintiff's claim that defendant was negligent and to the issue of plaintiff's comparative negligence. His observation that the sign did not obstruct vehicular traffic was also relevant to establish just how much of the road was obstructed. Any confusion that the officer's testimony might have created between bicycle and vehicular traffic was allayed by his subsequent statements concerning bicycle traffic made during plaintiff's cross-examination. Accordingly, we conclude that the trial court did not err in admitting the officer's opinion testimony.

## FAILURE TO GIVE SPECIFIC JURY INSTRUCTIONS

■ The trial court's refusal to give a requested jury instruction presents a question of law, which we review "nondeferentially, for correctness." *State v. Tennyson*, 850 P.2d 461, 470 (Utah App.1993). *See State v. Hamilton*, 827 P.2d 232, 238 (Utah 1992). While plaintiff contends that the trial court erred in failing to give two specific instructions, "[w]e review jury instructions in their entirety and will affirm when the jury instructions taken as a whole fairly instruct the jury on the law applicable to the case." *State v. Ontiveros*, 835 P.2d 201, 205 (Utah App.1992). *See Tennyson*, 850 P.2d at 470.

■ While Utah law recognizes each party's right to have the jury fairly instructed on his or her theory of the case, "[i]t is not error to refuse a proposed instruction if the point is properly covered in the other instructions." *State v. Sessions*, 645 P.2d 643, 647 (Utah 1982). *See State v. McCumber*, 622 P.2d 353, 359 (Utah 1980) (party is "not entitled to an instruction which is redundant or repetitive of principles enunciated in other instructions").

■ Plaintiff claims that the trial court erred in refusing plaintiff's instruction 4–S, and in deleting portions of plaintiff's instruction 5–S. The challenged portion of instruction 4–S stated that "[a]ll traffic control devices shall be removed immediately when no longer needed." Plaintiff argues that the trial court's failure to give proposed instruction 4–S deprived plaintiff of "the very heart of Mr. Erickson's claim of negligence." However, the trial court presented Instruction No. 28 to the jury, which stated that Utah law requires that "if no hazard exists," traffic control devices "shall be removed during suspension of work at the end of the day." Such instruction, combined with the duties of defendant described in Instruction No. 28, adequately presented the jury with plaintiff's negligence theory as it concerned defendant's duty of care.

Furthermore, the trial court properly deleted the first paragraph of plaintiff's proposed instruction 5–S, which stated that "[t]he sign was in a place where it should not have been." We agree with the trial court that this statement is clearly improper, as it instructs the jury how to resolve the factual question of whether defendant's placement of the sign was negligent. Nor did the trial court err in deleting the final paragraph of 5–S, which basically stated that if defendant's placement of the sign was unreasonable, then negligence is established. Again, such instruction was properly covered in Instruction No. 12 which informed the jury that "[a] person has a duty to use reasonable care to avoid injuring other people or property," and that "'[n]egligence' simply means the failure to use reasonable care." In sum, the trial court properly refused plaintiff's proposed instruction 4–S, and the first and last paragraphs of proposed instruction 5–S, in that the requested instructions were duplicative of other instructions or simply improper. Since plaintiff's theory of the case was fully and adequately presented to the jury, we see no error in the trial court's decision.

## CONCLUSION

While defendant's obstruction of a public roadway constituted a public nuisance, plaintiff has failed to show that defendant's conduct was sufficiently unreasonable so as to impose liability for plaintiff's injuries on a public nuisance theory. Further, the trial court did not err in admitting the investigat-

ing officer's testimony that the sign did not constitute a hazard or obstruct traffic, as the evidence was relevant and not unduly prejudicial. Finally, the trial court properly refused plaintiff's proposed instructions that were either redundant or improper. Accordingly, we affirm the judgment for defendant.

JACKSON, Judge (concurring):

I concur in the evidence and instruction sections and in the final result reached by the main opinion. However, on Erickson's "public nuisance" claim, I follow a different rationale.

Erickson failed to properly plead and prosecute his claim as required by the statute upon which he relies. Because his approach to the issue of public nuisance was deficient, neither the trial court nor my colleagues have had the opportunity to focus on the pertinent consideration. The definition of public nuisance is "a crime against the order and economy of the state and *consists in unlawfully doing any act.*" Utah Code Ann. § 76–10–803 (1990) (emphasis added). Accordingly, this statute contains an antecedent condition that requires Erickson to allege and prove that what Sorenson did violated a pre-existing law. Erickson has failed to identify for either the trial court or us the "law" which Sorenson's act violated and which brings Sorenson's act within the purview of the nuisance statute. Erickson's amended complaint alleged only that Sorenson created a "defective condition" affecting the highway.

Erickson's claim is circular. He says that violation of the public nuisance statute makes Sorenson's act unlawful, and thus, Sorenson violated the public nuisance statute. But a violation of the public nuisance statute requires an antecedent "unlawful act." The dissent recognizes this hole in Erickson's po-

sition and attempts to plug it by supplying Utah Code Ann. § 27–12–141 (1989) as the "law" which Sorenson violated to create the prerequisite "unlawful act." But, Erickson failed to identify that "law" or any other "law" which first makes Sorenson's placement of the sign an "unlawful act." Thus, the trial court was deprived of the opportunity to consider this statutory requirement, and it cannot be raised for the first time on appeal, whether by Erickson or the dissent. *Franklin Fin. v. New Empire Dev. Co.*, 659 P.2d 1040, 1044 (Utah 1983); *Shayne v. Stanley & Sons, Inc.*, 605 P.2d 775, 776 (Utah 1980).[1]

BENCH, Judge (concurring and dissenting):

I concur in the main opinion's analysis under the headings "Admission of Evidence" and "Failure to Give Specific Jury Instructions." I dissent, however, both to the result and the analysis under the heading "Public Nuisance."

Defendant filed a motion for summary judgment to dismiss the theory of public nuisance, basing its argument upon the fact that plaintiff could not prevail on public nuisance because his injury did not affect "an interest common to the general public, [but] rather [involved an injury] peculiar to one individual, or several." The trial court granted defendant's motion for summary judgment, holding as a matter of law that "the public nuisance statute ... was not intended to be applied to the present type fact situation." Essentially, the trial court held that plaintiff did not have standing to sue under the public nuisance statute.[1] The trial court erred in so holding.

An individual who sustains an injury different in kind from that sustained by the community in general has standing to bring an

---

1. In response to footnote two of the main opinion, the statute requires an unlawful, not merely a wrongful act. Moreover, the creative examples describing "wrongful" acts are no doubt unlawful. "[P]arking a trailer in the middle of a public road" violates Utah Code Ann. § 27–12–141. And as for "driving livestock through a school hallway," we know from the classic children's rhyme that Mary did bring livestock to school and it "was against the rules."

1. The trial court's holding might alternatively be interpreted to mean that an obstruction of a highway cannot create a public nuisance. Such a ruling would clearly be contrary to established law. *See* Utah Code Ann. § 76–10–803(1)(c) (1990). Professors Prosser and Keeton state that one of the most common examples of a public nuisance is an obstruction of a highway. *See* W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 90 (5th ed. 1984).

action for public nuisance.[2] The Utah Supreme Court has held that a private individual may bring a public nuisance action where the "individual suffers some injury or damage through a public nuisance, which is different from that suffered by the community at large...." *Lewis v. Pingree Nat'l Bank*, 47 Utah 35, 42, 151 P. 558, 561 (1915). Most other jurisdictions are consistent with the Utah Supreme Court's position.

> Today it is universally held that a private individual has no action for the invasion of a purely public right, unless his damage is in some way to be distinguished from that sustained by other members of the general public. It is not enough that he suffers the same inconvenience or is exposed to the same threatened injury as everyone else. In the absence of some peculiar individual injury redress for a public nuisance must be left to the appointed representatives of the community.

*Culwell v. Abbott Constr. Co.*, 211 Kan. 359, 506 P.2d 1191, 1196 (1973); *accord Schlirf v. Loosen*, 204 Okl. 651, 232 P.2d 928, 930 (1951) (private action for public nuisance cannot be maintained for obstruction of public highway unless individual is specially injured). Thus, in order to bring an action for public nuisance, the individual must demonstrate that his or her injury was special or peculiar.[3]

In the present situation, plaintiff collided with the construction sign. Plaintiff allegedly sustained serious and permanent bodily injuries as a result of this collision. No other individual was injured by the sign. Plaintiff's injury was special or peculiar, and therefore, the trial court erred in holding, as a matter of law, that the public nuisance statute did not apply to the present fact situation.[4]

I would therefore reverse the summary judgment and remand the case to allow plaintiff to proceed on the theory of public nuisance. For me, any discussion of whether defendant actually created a public nuisance is premature. I nonetheless feel compelled to distance myself from the main opinion's discussion of public nuisance.

The main opinion holds, as a matter of law, that defendant created a public nuisance under the statute by obstructing the roadway. The factfinder, not this court, must determine whether defendant's placement of the sign created a public nuisance, to wit, whether defendant violated the statute.[5] If the factfinder determines that the public nuisance statute is violated (and that plaintiff suffered special or peculiar damage), the defendant is liable without any showing of "unreasonable conduct," despite the main opinion's assertion to the contrary. *See People v. Burtlesen*, 14 Utah 258, 263, 47 P. 87, 89 (1896); *accord* W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* §§ 88 & 90 (5th ed. 1984) (discussing unreasonable conduct as requirement for private nuisance, but not mentioning it as requirement for

---

**2.** Utah Code Ann. § 76–10–803(1)(a) and (d) (1990) require certain types of public nuisances to involve three or more people; however, subsection (1)(c) does not restrict the number of people that must be injured where there is an "unlawful interference with ... [any] highway." *Id.* § 76–10–803(1)(c).

**3.** Defendant also argued that plaintiff had no standing because the sign posed a hazard only to "bicyclists travelling at a high rate of speed down the far right hand side of the road without headlights." However, in light of Officer Lynch's testimony that "quite a few" people bicycle on that highway, I believe that the trial court could not rule, as a matter of law, that the protruding sign could not have imposed a danger to other individuals. The main opinion seems to agree: "Defendant's placement of the sign ... render[ed] the highway dangerous for passage to bicyclists like the plaintiff, especially given that bicyclists are required by law to ride as far to the right of the roadway as practicable. Utah Code Ann. § 41–6–87(1) (1993)." *See also* Keeton, § 90 ("It is not necessary ... that the entire community be affected, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right. The most obvious illustration, of course, is the obstruction of a public highway....").

**4.** My colleagues apparently agree that the facts in the present case trigger the doctrine of public nuisance, as is evident from their discussions of public nuisance. We seem to agree that the trial court erred in holding, as a matter of law, that public nuisance could never apply to this type of case.

**5.** I also disagree with the main opinion's assertion that unlawful conduct is somehow broader than illegal conduct.

public nuisance).[6]

In *Burtlesen*, defendant was charged criminally with creating a public nuisance by violating a predecessor statute virtually identical to section 76–10–803.[7] Defendant kept about 2,000 sheep around a small stream of water, which was used for culinary and domestic purposes. Defendant argued that he was acting reasonably and with the usual care, but had to remain around the small stream because the shearing pens were occupied. The Utah Supreme Court held that

> [t]he only question to be determined was whether or not a nuisance had been committed, and in determining this question the *motive or intent with which the defendant did the act complained of could not be considered. If his acts created a nuisance, it is immaterial how innocent the intent was, or how cautiously and reasonably the business was conducted*, or whether the business was lawful. These elements do not enter into the question of nuisance. . . ."

*Burtlesen*, 47 P. at 89 (emphasis added). The court reiterated this point by stating:

> If the defendant so used his property as to annoy, injure, or endanger the comfort, repose, health, or safety of three or more persons, then his acts were unlawful, and he was guilty of the charge preferred against him, under the statute, *even though he was in the pursuit of a lawful business, and conducting it in a reasonable and careful manner.*

*Id.* (emphasis added). Thus, the Utah Supreme Court has held that a violation of what is now section 76–10–803(1)(a) created a nuisance per se. Similarly, there is no justifiable reason to believe that violation of sub-

section (1)(c) does not also create a nuisance per se, especially since it is more specific than subsection (1)(a).

The main opinion asserts, "Unless plaintiff can show that defendant's action constituted nuisance per se, plaintiff must demonstrate that the defendant's conduct was unreasonable in order to impose liability. *Branch v. Western Petroleum, Inc.*, 657 P.2d 267, 276 (Utah 1982); *Turnbaugh v. Anderson*, 793 P.2d 939, 943 (Utah App.1990)." This ruling is contrary to *Burtlesen*, which requires only the commission of the act regardless of the reasonableness of the conduct. Further, *Branch* does not hold that unreasonable conduct is required for a public nuisance. To the extent that *Turnbaugh*, a court of appeals decision, requires unreasonable conduct for a public nuisance, it is contrary to *Burtlesen*, a supreme court decision. This court is not in a position to overrule or hold contrary to *Burtlesen* under the doctrine of stare decisis. *See State v. Thurman*, 846 P.2d 1256, 1269 (Utah 1993). However, even if this court could overrule the supreme court in *Burtlesen*, as the main opinion presumably does, thereby requiring a showing of unreasonable conduct to establish a public nuisance, it is a fact-sensitive issue that cannot be determined as a matter of law on summary judgment.

The main opinion also asserts that "mere violation of the public nuisance statute does not constitute nuisance per se." (citing *Branch* and *Turnbaugh*). Again, *Branch*'s holding does not support the main opinion's assertion, and to the extent that *Turnbaugh* does support its assertion, it is contrary to *Burtlesen*. In summary, if plaintiff can demonstrate that defendant violated the public nuisance statute, defendant will be liable to

---

**6.** The Utah Supreme Court has held that "[w]hen the conditions giving rise to a nuisance are also a violation of a statutory prohibition, those conditions constitute a nuisance per se." *Branch v. Western Petroleum, Inc.*, 657 P.2d 267, 276 (Utah 1982).

**7.** *Burtlesen* concerned criminal liability, whereas the present case involves civil liability. However, "[i]t is axiomatic that statutory language imposing both civil and criminal liability cannot be interpreted to require stricter requirements in a

civil context than it does in a criminal context." *Alta Indus. Ltd. v. Hurst*, 846 P.2d 1282, 1288 n. 11 (Utah 1993) (interpreting section from criminal code in civil context). Section 76–10–803 clearly imposes both criminal liability, *e.g.*, *Burtlesen*, 47 P. at 88, and civil liability, *e.g.*, *Turnbaugh v. Western Petroleum, Inc.*, 793 P.2d 939, 942 (Utah App.1990). Since the "additional hurdle" of unreasonable conduct is not required in the criminal context, it cannot be required in the civil context.

plaintiff.[8]

·Assuming, however, the main opinion is correct in asserting that nuisance per se is not created by violating section 76–10–803, there is another specific statute that in the present case invokes the nuisance per se doctrine. *See* Utah Code Ann. § 27–12–141 (1989).[9] Section 27–12–141 provides, in pertinent part: "Any person ... who *willfully or carelessly* places or leaves, or causes to be placed or left, anything upon any such highway in such a way as to obstruct travel or to endanger property or persons passing upon such highway, is guilty of a misdemeanor." *Id.* (emphasis added).[10]

I do not believe, as the main opinion implies, that a finding of negligence is particularly relevant to whether defendant "willfully or carelessly" placed or left something on a highway. Liability based on negligence is analytically different from liability based on public nuisance.

> Nuisance is a field of tort liability rather than a type of tortious conduct. Nuisance has reference to the interests invaded, to the damage or harm inflicted, and not to any particular kind of act or omission which has led to the invasion. Professor Prosser concludes that the attempt frequently made to distinguish between nuisance and negligence, for example, is based entirely upon a mistaken emphasis based upon what the defendant has done rather than the result which has followed, and forgets completely the well-established fact

that negligence is merely one type of conduct which may give rise to a nuisance.

*Culwell,* 506 P.2d at 1196 (citing Keeton, § 87).

In the present case, if the factfinder determines that defendant "willfully or carelessly" placed or left anything on the highway that obstructed travel or endangered plaintiff's life or property, defendant is liable regardless of whether or not it was generally "negligent." Further, I believe that the trial court cannot properly determine, as a matter of law on summary judgment, whether defendant "willfully or carelessly" placed the sign on the highway. Such a determination is fact-sensitive.

I would therefore reverse the summary judgment and remand the case for further proceedings on the public nuisance theory, allowing plaintiff the opportunity to show that defendant's placement of the sign constituted a violation of the public nuisance statute.

---

8. Acts of God, such as a tree falling or wall collapsing, could not invoke the public nuisance statute since there would be no act or omission on the part of the defendant. *See* Utah Code Ann. § 76–10–803(1) (1990) (public nuisance consists of "unlawfully doing any act or omitting to perform any duty").

9. This approach is consistent with the holding in *Branch,* which based its determination of nuisance per se on § 76–10–801 and what is now § 19–5–107.

10. The concurring opinion asserts that plaintiff "failed to identify [§ 27–12–141] or any other 'law' which first makes [defendant's] placement of the sign an 'unlawful act.' Thus, the trial court was deprived of the opportunity to consider this statutory requirement, and it cannot be raised for the first time on appeal whether by [plaintiff] or the dissent. *Franklin Fin. v. New*

*Empire Dev. Co.,* 659 P.2d 1040, 1044 (Utah 1983); *Shayne v. Stanley & Sons, Inc.,* 605 P.2d 775, 776 (Utah 1980)." ·

Essentially, the concurring opinion states that plaintiff waived § 27–12–141 by failing to raise it. I do not believe that a party can waive the "law." *See, e.g., Thurston v. Box Elder County,* 835 P.2d 165, 168 & n. 3 (Utah 1992) (analyzing statute not raised by parties but controlling). This court has a responsibility to decide cases in accordance with the law. This responsibility cannot be abdicated by a party's failure to cite relevant law. While I agree that a party may waive issues or arguments that are raised for the first time on appeal, I do not believe a party can waive relevant law. *Franklin* and *Shayne* say nothing of waiving the law, but speak only of waiving issues.